IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KIRK WAYNE MCBRIDE, SR.,** | § | |
| **Petitioner** | § | |
| | § | |
| vs. | § | C.A. NO. C-07-106 |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Respondent**. | § | |

## MEMORANDUM AND RECOMMENDATION

Kirk Wayne McBride, Sr. ("McBride" or "Petitioner") is presently incarcerated at TDCJ-CID's McConnell Unit in Beeville, Texas. On March 5, 2007, Petitioner filed this *pro se* petition pursuant to 28 U.S.C. § 2254, in which he challenges disciplinary action taken against him. By Memorandum and Recommendation entered March 26, 2007, the undersigned recommended that Petitioner's application for leave to proceed *in forma pauperis* be denied and that he be ordered to pay the filing fee. (D.E. 7.) The District Court has not yet ruled on the *ifp* motion, and Petitioner has not yet paid the filing fee. On April 11, 2007, Petitioner filed a motion titled as a "Motion for Removal to a State District Court," (D.E. 9), which is now pending and is addressed herein.

In his motion, Petitioner acknowledges that jurisdiction is proper in the United States District Court for the Southern District of Texas. (D.E. 9 at 1.) Nonetheless, he asks that the case be "removed" to a state district court. He appears to be concerned about whether "this Court will consider [certain facts] as an effect on the fact or duration of [his] sentence,

1

as to entitle him to proceed in this matter." (D.E. 9 at 3 (referencing facts listed on page 2).) He also makes references to the fact that the claims in his petition state a claim under 42 U.S.C. § 1983 because "a false disciplinary was concocted and filed in retaliation for the Petitioner's exercise of his rights to the grievance procedure and filing complaints, which did not even charge an offense under the laws of the State of Texas." (D.E. 9 at 3.)[1] The undersigned does not reach the merits of his § 2254 claim or the arguments in his motion for removal that relate to the merits of his claim.[2] Instead, the focus is squarely on Petitioner's request that his case be transferred to state court.

If a case is originally filed in state court, removed to federal court, and federal jurisdiction is lacking, remand to a state court might be an appropriate remedy. See, e.g., 28 U.S.C. § 1447. In this case, however, jurisdiction is proper in the United States District Court for the Southern District of Texas, as Petitioner acknowledges. Moreover, it was *Petitioner's* decision to file his petition in this Court. His petition has never been in state

---

[1] Petitioner does not appear to be asking that his petition be construed as a § 1983 complaint at this time. Moreover, he filed his petition on a form titled as a "Petition for Writ of Habeas Corpus By a Person In State Custody." (D.E. 1 at 1.)

[2] Petitioner's motion cites to Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000), which held that the effect of a reduction in good-time earning status on the timing of eligibility for release on mandatory supervision is too speculative to give rise to a liberty interest. Malchi, 211 F.3d at 959. (See D.E. 9 at 2.) In his petition, McBride indicates that he has not been deprived of any good-time credits as a result of the challenged disciplinary proceeding; rather, he is challenging the proceeding's effect on his line class. (D.E. 1 at 5.) Under Malchi, such an allegation does not raise a constitutional claim. Given McBride's citation to Malchi, his motion to remand appears to be an attempt to avoid dismissal of his petition on this ground. It is not clear that he will fare any better in state court, however. Texas state courts do not review claims of lost good time credit, or other results of prison disciplinary proceedings. See, e.g., Ex parte Palomo, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1985) (en banc) ("this Court will not entertain claims concerning alleged violations of prison disciplinary procedures").

court. Accordingly, there is no basis for transferring this case to state court and it is respectfully recommended that his motion be DENIED. Of course, Petitioner may elect to voluntarily dismiss his federal petition and re-file his claim in another court, subject to the applicable statute of limitations and restrictions on successive filings of habeas petitions. See 28 U.S.C. § 2244(d) (setting forth statute of limitations on habeas petitions); 28 U.S.C. § 2244(b) (setting forth restrictions on second or successive petitions).

For the reasons set forth above, it is respectfully recommended that Petitioner's Motion for Removal to a State District Court (D.E. 9) be DENIED.

Respectfully submitted this 2nd day of May, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 8(b)(3), Rules Governing § 2254 Cases, and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).